(61 App. Div. 296.)

FOLLETT WOOL CO. v. ALBANY TERMINAL WAREHOUSE CO. et al.

(Supreme Court, Appellate Division, Third Department. May 8, 1901.)

1. INTERPLEADER—WAREHOUSEMEN—DEFENSE.

Laws 1895, c. 633, provides that no warehouseman shall be made a party to an action involving the title or possession of goods held or stored by such warehouseman unless he has a claim thereto other than for warehouse charges. Code Civ. Proc. § 820, authorizes the defendant in

an action for the possession of goods to interplead, and have a third person claiming title thereto brought in and substituted as party defendant. *Held*, that a person claiming an interest in goods in possession of a warehouseman cannot resist an order of interpleader in an action by a third person against a warehouseman for the possession of the goods on the ground that the latter could only plead the former statute in bar, since such statute does not require the warehouseman to set up such defense or prevent other defenses.

2. SAME—BAILMENTS—CONSTITUTIONAL LAW—DUE PROCESS OF LAW.

Laws 1895, c. 633, providing that no warehouseman shall be made a party to an action involving the title or possession of goods held or stored by such warehouseman, unless he has a claim thereto other than for warehouse charges, is invalid, as depriving the owner of property without due process of law.

Appeal from special term.

Action by the Follett Wool Company against the Albany Terminal Warehouse Company for the possession of certain personal property. From an order of interpleader substituting the Utica Trust & Deposit Company and others as defendants, such company appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Matteson & De Angelis, for appellant Utica Trust & Deposit Co.

Stedman & Stedman, for respondent Follett Wool Co.

Hun, Johnston & Hand, for respondent Albany Terminal Co.

Countryman, Du Bois & Bevins, for respondent Charles M. Friend, receiver.

Scherer & Downs, for respondent J. D. Hamberger & Sons Co.

KELLOGG, J.   The complaint alleges the ownership in plaintiff of a specified lot of wool; that defendant the Albany Terminal Warehouse Company took and wrongfully detains such property; that this defendant refuses, after demand, to deliver to plaintiff the possession thereof, claiming that one J. D. Hamberger & Sons Company deposited such wool with this defendant, and defendant issued warehouse receipts thereon. Judgment is asked for the immediate possession of such wool, etc. A motion was made by defendant the Albany Terminal Warehouse Company based upon affidavits showing that the defendant had served no answer, and had no beneficial interest in the property; that, as warehouseman, it received the wool from J. D. Hamberger & Sons Company, and issued to that company negotiable warehouse receipts therefor; that the said J. D. Hamberger & Sons Company had deposited such receipts with the Utica Trust & Deposit Company as collateral to some obligation, and both the Utica Trust & Deposit Company and the J. D. Hamberger & Sons Company and Charles M. Friend, its receiver, had made a demand upon defendant for such property, together with other facts showing that such claims were substantial and made in good faith. The motion was made upon notice to all of the said parties, and no opposing affidavits were read. The facts disclosed by the verified complaint and the affidavits disclose a proper case for the substitution, under section 820 of the Code of Civil Procedure, unless the statute which the Utica Trust & Deposit Com-

pany invokes can be construed as a preventive obstacle in the way of this defendant's motion. The statute referred to is chapter 633 of the Laws of 1895, and provides, among other things, that:

"No warehouse company or person, lawfully engaged in the business of storing goods, wares and merchandise, for hire, shall be made a party defendant in any action concerning the title to or possession of any goods, wares or merchandise, held or stored by such warehouse company, persons or person, unless such warehouse company, persons or person so holding the same on storage shall claim some right, title or interest, of, in and to the same other than a lien for the lawful charges growing out of the care and custody thereof."

The other provisions of the chapter do not furnish any adequate remedy to the real owner of property wrongfully taken and so deposited. The mandate of the legislature not to bring an action against a warehouse company doing business for hire is claimed by the appellant to be a full protection to the Albany Terminal Warehouse Company, and that this action cannot be maintained. The appellant, however, does not claim that the action cannot be maintained in case this defendant does not see fit to invoke the protection of this questionable statute. It does not appear that defendant has invoked this protection, or that it intends to do so. Conceding that the statute is a complete protection, I do not see how that concerns the Utica Trust & Deposit Company. If a complete protection to defendant, some form of motion or trial must be had in court to so determine. Some expense and peril must be incurred, and some court must adjudicate the question upon facts presented. I do not think that section 820 of the Code of Civil Procedure debars a defendant from seeking this remedy of interpleader because it may have a good defense to the action, or because it possibly may have the action dismissed on motion by reason of this statutory exemption. If the exemption should be adjudged of any value, it is an exemption which defendant only can invoke, and may be waived by this defendant without injury to the Utica Trust & Deposit Company. This might be taken as a sufficient reason for granting the order, but it is unnecessary to stand on that ground alone. The act of the legislature referred to takes away a remedy which in its nature is a property right. The owner of property has a right to reclaim it or recover its value from a wrongful holder. The legislature has no power to confer a right in property upon another without the owner's consent, without due process of law, and without compensation. This act undertakes to do that. Right of possession is a property right. To confirm in a warehouse company a possession acquired without the owner's consent, directly or indirectly, is to deprive the owner of a property right without due process of law. This act of the legislature has no other purpose than to change a wrongful possession into a lawful one. It seeks to shield the commercial agent of a wrongdoer. It erects a barrier between the owner and his property, and deprives him of his right to immediate possession; and this does not proceed on any ground of public policy, nor is it within the scope of any police regulation. The act is intended to confer upon a class of persons or corporations doing a certain line of ordinary business extraordinary rights, and these are

rights in property which are arbitrarily taken from others, the true owners of the property. It, in effect, creates a safe depository for stolen goods, and denies to the true owner his right to immediately repossess them, although the custodian claims no title to or interest in the property so wrongfully deposited. It is no answer to say that the true owner may discover, if he can, and pursue, the person who made the deposit or the possessor of the warehouse receipt. The act nevertheless seeks to confer upon the custodian a possessory right which in itself is property, and to deprive the true owner of this property right without due process of law. It is needless to say that such an act of the legislature violates the provisions of the constitution, and cannot be upheld on any principle of public policy or police regulation. The warehouseman in all cases has the means of self-protection. He may issue nonnegotiable receipts. If that should tend to diminish his business, it may result in a personal loss, but it will prevent all pretense of claim to enhance his profits through dealing without inquiry in stolen goods.

The order should be sustained, with $10 costs and disbursements. All concur; PARKER, P. J., and SMITH, J., in result.