GEORGE M. FISHEL, Respondent, *v.* THE HAMILTON STORAGE WAREHOUSE Co., Appellant.

(Supreme Court, Appellate Term, January, 1904.)

Municipal Court of the city of New York — Parties to the foreclosure of a lien on chattels, L. 1902, ch. 580, § 137, 139.

Where a mortgagee of chattels, removed without consent by the mortgagor, after default and demand, to the premises of a storage company, sues that company in the Municipal Court of the city of New York under L. 1902, ch. 580, § 137, to foreclose his lien, the mortgagor must be made a party defendant as although she has lost all title and right of possession by her default she has a right of redemption which may have a substantial value. Moreover, for the protection of other interests, she should be made a party to the end that she may be bound by the judgment.

APPEAL from a judgment of the Municipal Court of the city of New York, seventh district, borough of Manhattan, in favor of the plaintiff.

M. P. O'Connor, for appellant.

C. B. Plante, for respondent.

GILDERSLEEVE, J.    The pleadings are oral.    The action is for the foreclosure of a lien on chattels.    The answer is a " general denial."

The defendant, being engaged in the storage business, received the chattel in question into its warehouse and now attacks the judgment upon the ground that there is a defect of parties defendant in not joining the mortgagor and that the plaintiff had no remedy against the defendant.

The question of the defendant's lien for storage has not arisen on this appeal.

The defendant did not claim, upon the trial, any lien prior to that of the plaintiff.

The chattels were sold by the plaintiff to one Mathews, who gave a chattel mortgage, dated September 16, 1901, to secure the payment of the purchase price in instalments, recorded in the office of the register of New York county, on December 10, 1901.    The said Mathews failed to comply with the terms of the mortgage, and the plaintiff demanded the chattels in January, 1902.    The said Mathews was permitted to retain possession thereof for about four months after the demand, as aforesaid, by the plaintiff, and in May, 1902, stored the same with the defendant.

By the removal of the chattels to the defendant's warehouse, in violation of the terms of the mortgage, without plaintiff's consent or knowledge, the plaintiff's title became absolute, and Mathews, the mortgagor, lost all title thereto and all right to possession.    There remained, however, in the mortgagor, the right of redemption.    It was not such an interest as could be seized by execution but an equitable interest that might have substantial value.    We think Mathews was a necessary party to this action, the purpose of which is

to determine the rights of all the parties having an interest in the chattels. She is entitled to her say in court. Moreover, for the protection of other interests she should be made a party, that she may be bound by the judgment.

The judgment must be reversed, with costs to appellant, and without prejudice to another action.

GREENBAUM, J., concurs.

FREEDMAN, P. J. (concurring). I concur with Mr. Justice Gildersleeve in deciding that the judgment herein must be reversed. Much of the brief of the respondent herein is devoted to a claim that the plaintiff upon default by the mortgagor in payment of the chattel mortgage became the absolute owner of the chattels described therein. That is undoubtedly true, but the plaintiff, having resorted to the Municipal Court to enforce his rights, must conform to the provisions of the act creating that court.

The plaintiff brings his action under the provisions of section 137 of the Municipal Court Act (L. 1902, ch. 580), which provides that an action may be brought in such court for the foreclosure of a lien. Section 139 of said act declares that, in such an action, an instrument in writing described therein, of which a chattel mortgage is one, shall for the purpose of said section " be deemed a lien upon a chattel." The plaintiff herein, having invoked the provisions of said section, cannot for the purposes of this action be deemed otherwise than having a lien upon the goods mentioned, and not as being the owner, and the mortgagor should be made a party to any action brought for a foreclosure thereof.

Judgment reversed, with costs to appellant, and without prejudice to another action.