### HAZLETT v. HAMILTON STORAGE & WAREHOUSE CO.

#### (Supreme Court, Appellate Term. June 26, 1905.)

1. CHATTEL MORTGAGES—DEFAULT—EFFECT.

On default by a chattel mortgagor the mortgagee becomes the absolute owner of the chattels, and entitled to immediate possession.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Chattel Mortgages, §§ 286–290.]

2. REPLEVIN—NECESSARY PARTY DEFENDANT.

It is not incumbent on plaintiff in replevin to join any person except the one who actually has possession, the claims of third persons being otherwise provided for.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Replevin, §§ 115–117, 122.]

3. SAME—WAREHOUSEMAN AS DEFENDANT—PLEADING.

Laws 1902, p. 1775, c. 608, provides that a warehouseman shall not be made defendant in replevin, where he shall have made known to the claimant the address and name of the depositor. Held, that in replevin against a warehouseman he must plead his exemption by answer.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Replevin by John W. Hazlett against the Hamilton Storage & Warehouse Company. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

Albert I. Sire, for appellant.
N. J. O'Connell, for respondent.

SCOTT, P. J. The plaintiff sues in replevin to recover certain chattels now in possession of defendant. The complaint sets forth

the execution and delivery by one Mary P. Bigelow of a chattel mortgage, which was payable on demand, and was duly filed; that on a certain date plaintiff caused a notice to be served on the mortgagor demanding payment of the debt for which the mortgage was given, and informing her that, if the debt was not paid within 30 days, plaintiff would exercise the power of sale given him by the mortgage, and take possession of the chattels covered thereby; that before the expiration of said notice the said mortgagor, by her brother, caused the chattels to be deposited on storage in the defendant's warehouse in her brother's name, or in the name of some person other than the mortgagor; that prior to the commencement of the action, and after said 30 days' notice, plaintiff notified defendant of his claim to the possession of the chattels, and demanded the possession thereof, duly tendering the amount of the storage charges thereon.   To this complaint the defendant demurs on two grounds: First, that there is a defect of parties defendant, in that neither the alleged mortgagor nor the depositor is made a party to the action; and, second, that the complaint does not state facts sufficient to constitute a cause of action.   In support of the first ground of demurrer defendant relies upon Fishel v. Hamilton Storage Warehouse Co., 42 Misc. Rep. 532, 86 N. Y. Supp. 196.   That action, however, was not an action in replevin, like the present, but an action to foreclose a lien created by a chattel mortgage.   The two forms of action are quite dissimilar, seek different relief, and are governed by different rules.   It is well settled that when the mortgagor in a chattel mortgage makes default in the payment of the sum due as required by the mortgage, the mortgagee becomes the absolute owner of the chattels, and entitled to the immediate possession thereof.   Baumann v. Cornez (Com. Pl.) 8 N. Y. Supp. 480; Leadbetter v. Leadbetter, 125 N. Y. 290, 26 N. E. 265, 21 Am. St. Rep. 738.   And he is entitled to assume possession at once, taking it from any one who holds the chattels by any title subordinate to his mortgagor.   For the purpose of assuming possession replevin is an appropriate form of action, and no issue is involved therein except the question as to the plaintiff's right of possession. It is not incumbent upon the plaintiff in such an action to join any person except the one who actually withholds possession, the interposition of the claims of third persons who dispute plaintiff's right of possession being otherwise provided for by statute.   There is no defect in parties, therefore, in a replevin action because the plaintiff does not join as defendants third persons, not having actual possession of the chattels, who may, however, have claims thereto. The holder of a chattel mortgage may, however, resort to another remedy.   He may sue to foreclose his lien, and thus cut off the equity of redemption.   Such was the form of action in Fishel v. Hamilton Storage Warehouse Co., supra, and in such an action, since one of its purposes is to foreclose the mortgagor's equity of redemption, it is apparent that the mortgagor is a necessary party. The plaintiff in the case cited was forced to bring the action in the form he did under section 139 of the Municipal Court act (Laws

1902, p. 1533, c. 580), for his mortgage was given to secure the purchase money of the chattels mortgaged. It does not appear that the mortgage involved in this action was a purchase-money mortgage, and the prohibition contained in the section cited does not, therefore, apply.

The second ground of demurrer is sought to be sustained by a reference to chapter 608, p. 1775, Laws 1902, an act apparently, of doubtful constitutionality (Follett Wool Company v. Albany Terminal Warehouse Company, 61 App. Div. 296, 70 N. Y. Supp. 474); but it is not necessary to discuss that question here. So far as concerns the claimant of a chattel other than the depositor or holder of the warehouse receipt, the act provides that the warehouseman shall not be made defendant in an action for replevin or conversion if he shall have made known to the claimant the name and address of the depositor. Even if we are to assume the act to be valid, it is apparent that the warehouseman must set forth the fact establishing his exemption from suit by way of answer. He is liable to action unless he has given the notice. That is an affirmative fact to be pleaded, and it is no part of the plaintiff's duty to negative it in his complaint. It follows, therefore, that the demurrer should have been overruled.

Judgment reversed, with costs, and demurrer overruled, with costs, with leave to defendant to withdraw demurrer and answer over within six days upon payment of costs. All concur.