### LISSNER v. COHEN et al.

#### (Supreme Court, Appellate Term. January 17, 1906.)

1. TROVER—DEMAND AND REFUSAL—SUFFICIENCY.

    Where plaintiff's goods were taken by a marshal under execution against another, and were deposited in defendant's warehouse, and plaintiff, on the day after the taking of the goods, told defendant that he wanted the goods, and left his name and address with defendant, at the latter's request, and about a month or six weeks afterwards saw some of the goods at the premises of an auctioneer, and, on reporting the fact to defendant, was told that it could not be so, there was a sufficient demand, and such an unreasonable delay on the part of defendant in returning the goods, as to sustain an action for conversion.

2. CONSTITUTIONAL LAW—DUE PROCESS OF LAW—DESTRUCTION OF RIGHT OF ACTION.

    Laws 1902, p. 1775, c. 608, providing that where goods in the custody of a warehouseman are demanded by another than the holder of the warehouse receipt, the warehouseman may disclose to the claimant the name and address of the depositor, and may refuse to deliver the goods stored to the holder of the receipt on so doing, and shall not be made defendant in an action for conversion or replevin, unless he claims some title or interest in the chattel other than a storage lien, violates the constitutional prohibition against the taking of property without due process of law.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Henry Lissner against Sol Cohen and others. From a judgment dismissing the complaint as to a certain defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Maurice H. Gotlieb, for appellant.

George Freifeld and S. C. Steinhardt, for respondents.

BLANCHARD, J. The plaintiff brought an action against Cohen and the Dochtermanns as defendants, the latter of whom are warehousemen, to recover damages for the conversion of goods, which

were alleged to have been wrongfully taken from the plaintiff by the defendant Cohen, a marshal of the city of New York, under an execution against one Krautman, and deposited in the warehouse of the defendants Dochtermann. Upon motion of the defendants' counsel, the complaint was dismissed as to the defendants Dochtermann, on the ground that the plaintiff had not made a proper demand and refusal to deliver, and that by reason of chapter 608, p. 1775, of the Laws of 1902, the defendants were under no liability to the plaintiff.

The evidence shows that the day after the removal of the goods by Cohen, the plaintiff visited the defendant Charles Dochtermann, who admitted having received the goods claimed by the plaintiff; but said that he could not give them to the plaintiff just then, and that they were stored in one of the defendants' other warehouses. The plaintiff then asked when he could see his goods, as he wanted them. The defendant answered that the goods were there, and added that if the plaintiff would leave his name and address, defendant would communicate with him, and that no one would get them. The plaintiff left his name and address, but received no communication from the defendant. The plaintiff alleges that a month or six weeks subsequently he identified some of the goods upon the premises of an auctioneer on Houston street, and upon reporting the facts to the defendants, the latter assured him that it was impossible. No further pertinent conversation between the parties is reported. It has been held that a bailee of property to which there are adverse claimants might refuse to deliver the same for such reasonable time as will enable him in good faith to investigate the facts as to the real ownership. Ball v. Liney, 48 N. Y. 6, 8 Am. Rep. 511; Rogers v. Weir, 34 N. Y. 463. The evidence, however, discloses the facts of a demand by the plaintiff and an unreasonable delay upon the part of the defendants, sufficient to predicate a conversion by the defendants Dochtermann.

The respondents urge, as a second ground of the judgment dismissing the complaint, chapter 608, p. 1775, of the Laws of 1902, as follows:

"Section 1. Whenever hereafter a demand shall be made upon a warehouseman for a personal chattel held by him on storage, by a person other than him from whom such chattel was received, or other than the holder of the warehouse receipt outstanding, the warehouseman shall with due diligence give notice of the demand to the person from whom the chattel was received and the person in whose name a warehouse receipt for the chattel is outstanding. Such notice may be given personally or by mail to the last known post office address of the party entitled to notice, if he shall have registered an address with the warehouseman. If the depositor or person in whose name the warehouse receipt is outstanding shall not, within ten days after service of the notice as aforesaid, authorize the delivery of the chattel to the claimant, he shall be deemed to have refused to deliver, and the claimant may sue the depositor or the person in whose name the warehouse receipt is outstanding in replevin or for conversion. The warehouseman may refuse to deliver a personal chattel to the depositor or holder of the warehouse receipt after a demand is made upon him as aforesaid, and during twenty days after notice of the demand to the depositor or holder of an outstanding warehouse receipt. The warehouseman shall not, by reason of such a refusal nor by reason of such retention incur any liability to any person and shall not be sued for and on account of such refusal at law or in equity. And after a suit in replevin shall be brought by the claimant, and the warehouseman is notified thereof,

the warehouseman shall hold the chattel subject to the order of the court in which action in replevin is brought and shall deliver the same only to the person named in the judgment entitled to the delivery. After an action for conversion of the personal chattel is brought by the claimant against the depositor or holder of a warehouse receipt, the warehouseman may at any time deliver the chattel to the holder of the warehouse receipt. For the purposes of all actions concerning title to a personal chattel held by a warehouseman on storage or for the possession of such chattel, the possession of the warehouseman shall be deemed to be the possession of the depositor or holder of a warehouse receipt. The depositor of a chattel shall register with the warehouseman his name and address and shall notify the warehouseman of any transfer of the warehouse receipt, giving the name and residence of the transferee, and the depositor or the transferee, shall notify the warehouseman of any change in such address. The warehouseman may make known to the claimant of a chattel the name and address of the depositor and where such name and address is so made known the warehouseman shall not be made defendant in an action for conversion or replevin unless he shall claim some right, title or interest in the chattel other than a lawful lien for lawful charges growing out of the care and custody of such personal chattel. If the legality or amount of such charges be disputed, the warehouseman may be made a party to the action for the purpose of determining that issue only, and shall recover costs if his claim be substantially sustained. If the person in whose name a warehouse receipt is outstanding has ceased to reside or have a place of business at the address left with the warehouseman and cannot, after due diligence, be found, a court of record in which an action to replevin the chattel is pending or is about to be brought may make an order that the summons may be served upon the person holding the warehouse receipt, in the manner provided in and by the code of civil procedure. In such a case any judgment recovered by the plaintiff shall be only against the depositor or person in whose name the warehouse receipt is outstanding, and before any judgment shall be recovered the plaintiff shall prove his title. If the judgment is recovered by the plaintiff directing the delivery of the chattel to the plaintiff, the warehouseman shall obey the judgment and make delivery upon payment of his lawful charges and he shall not thereafter be liable to the depositor or the holder of the warehouse receipt on account of such delivery.

"Sec. 2. A warehouseman shall not have a lien for storage charges upon stolen goods."

An earlier statute upon this subject (chapter 633, p. 433, of the Laws of 1895) has been held unconstitutional. Follett Wool Company v. Albany T. W. Company, 61 App. Div. 296, 70 N. Y. Supp. 474. The earlier statute provided that no warehouseman should be made a defendant in any action concerning the title or possession of goods deposited with him unless he claimed some interest therein other than a lien for the lawful charges growing out of the custody thereof; and contained no provision that such immunity should be conditional upon furnishing to the claimant the name and address of the depositor. See, also, Milligan v. Brooklyn Warehouse Company, 34 Misc. Rep. 55, 68 N. Y. Supp. 744.

The appellant contends that the statute in the present case is free from the vice of the earlier statute, by reason of the provision that, as a condition to immunity from an action for conversion, the warehouseman must "make known to the claimant of the chattel the name and address of the depositor." In invoking the extraordinary protection of the present statute, the defendants Dochtermann should be held to a strict performance of this condition, and the absence of evidence that they notified the defendant Cohen may well be held not to be cured by the fact that the defendant knew that Cohen was a depositor. The

reversal of the judgment of the trial court, however, may be rested upon the broader ground that the statute relied upon by the defendants is void by reason of the defects referred to in the earlier statute in Follett Wool Company v. Albany T. W. Company, supra. This court has already intimated that the present statute is unconstitutional. Hazlett v. Hamilton Warehouse & Storage Company (Sup.) 94 N. Y. Supp. 580. Even when a depositor is an ascertained person, whose name and address are made known to the claimant, the substitution of the depositor for the warehouseman in the position of the defendant is a taking of property without due process of law. In Levy v. Dunn, 160 N. Y. 504, 55 N. E. 288, 73 Am. St. Rep. 699, a statute requiring the court, upon the application of a sheriff sued for the conversion of chattels, taken under levy, to substitute the sheriff's indemnitor for defendant, was under consideration. Among the grounds relied upon by the court, in holding the statute unconstitutional, was the possibility of the indemnitor, thus arbitrarily substituted in place of the sheriff, might be an irresponsible party. The present statute, by substituting as defendant a depositor, who may be irresponsible, and granting immunity to the warehouseman in whose custody the goods may be most unsafe, is defective for the reasons above stated. Upon these grounds, it is our opinion that the statute violates the constitutional prohibition against the taking of property without due process of law.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

DOWLING, J., concurs.

SCOTT, P. J. (concurring). I agree that the plaintiff proved a sufficient demand and refusal to lay a basis for this action. His ownership of the goods and their value is not disputed. In my opinion the present statute (chapter 608, p. 1775, Laws 1902) is quite as obnoxious to the Constitution as was the former act (chapter 633, p. 433, Laws 1895). They both undertake to deprive a party of his property without due process of law. But even if the act of 1902 should be deemed to be valid, it would afford no protection to the defendant warehousemen, for they failed to show that they had ever given to plaintiff the name and address of the depositor. That the plaintiff apparently found this out for himself does not excuse the warehousemen's omission.

I agree that the judgment should be reversed, and a new trial ordered.