George E. Sprague, as Trustee in Bankruptcy of the Estate of Edward M. Fuller and William F. McGee, Individually and as Copartners, Doing Business as E. M. Fuller & Co., Bankrupts, Plaintiff, *v.* John J. Glynn and Another, as Administrators, etc., of Arnold Rothstein, Deceased, Defendants.

Supreme Court, New York County, January 10, 1930.

*Chadbourne, Hunt, Jaeckel & Brown* [*Caruthers Ewing* of counsel], for the plaintiff.

*George Z. Medalie* [*Isidor Gainsburg* of counsel], for the defendants.

Townley, J. The plaintiff as trustee in bankruptcy of the estate of Edward M. Fuller and William F. McGee, individually and as copartners, doing business as E. M. Fuller & Co., brings this action against the administrators with the will annexed of Arnold Rothstein, deceased. At the trial a jury was waived and it was stipulated that the court should direct a verdict with the same force and effect as if the jury were present without the necessity of making findings. The facts as established by the evidence are practically undisputed. It appears that in April, 1922, Fuller purchased a Pierce Arrow automobile, model 1922, and within a few days after

such purchase and on April 27, 1922, Rothstein advanced or loaned $6,000 in cash to Fuller, who thereupon executed, acknowledged and delivered to Rothstein a chattel mortgage covering the said automobile, which chattel mortgage was duly filed in the register's office of New York county on May 1, 1922. On June 26, 1922, certain creditors filed an involuntary petition in bankruptcy against Fuller and McGee in the United States District Court for the Southern District of New York, and thereafter in said bankruptcy proceedings and on or about July 20, 1922, they were duly adjudicated bankrupts. This plaintiff was elected and duly qualified as trustee of said bankrupts on or about March 31, 1923. On July 11, 1922, Rothstein came into the possession of the said Pierce Arrow automobile covered by the said chattel mortgage, and in claimed accordance with the terms and provisions of such chattel mortgage sold the automobile at private sale to a certain individual and received therefor the sum of $5,000, for which amount the plaintiff as trustee sues here. The trustee in bankruptcy contends that all the property of Fuller was in *custodia legis* from and after June 26, 1922, the date of the filing of the involuntary petition in bankruptcy, and that the delivery by Fuller, the bankrupt, of this mortgaged automobile to Rothstein was wrongful, and that the same could not be sold or disposed of without the authority, direction or consent of the bankruptcy court; that the moneys received by Rothstein representing the proceeds of the sale of the automobile should be compelled by this court to be returned to the trustee in bankruptcy; and further, that any rights that the chattel mortgagee had should be asserted only by proper proceedings taken in the bankruptcy court. The chattel mortgage in question was in all respects proper and valid; Rothstein, the mortgagee, actually did loan Fuller the sum of $6,000 in cash, and the said chattel mortgage was duly filed in the register's office, New York county, on May 1, 1922. The sum of $5,000 represented the fair and reasonable value of the said Pierce Arrow automobile at the time of its sale on July 11, 1922. The said chattel mortgage, among other provisions, provided: " That in case default shall be made in the payment  *  *  *  or should the party of the second part (mortgagee) at any time deem the security afforded by this mortgage unsafe or at any risk,  *  *  *  then the entire amount shall thereupon become due and payable, then it shall and may be lawful for and the said party of the first part (mortgagor) does hereby authorize and empower the said party of the second part (mortgagee), his successors or assigns,  *  *  *  to take and carry away the said automobile, and to sell and dispose of the same at public or private sale for the best price that can be obtained, and the party of the first part (mortgagor) hereby waives notice of such sale.  *  *  * "

It is the settled law in New York that the title to mortgaged chattels vests in the mortgagee immediately after default though they are not reduced to possession and the equity of redemption is not foreclosed. (*Hall* v. *Sampson*, 35 N. Y. 274; *Day* v. *Jade Contracting Co.*, 181 N. Y. Supp. 740; *Barrett Mfg. Co.* v. *Van Ronk*, 212 N. Y. 90; *Rodack* v. *New Moon Theatre*, 121 Misc. 63; *Harrison* v. *Hall*, 239 N. Y. 51.) It is also established that the filing of a petition in bankruptcy on the part of one party to a contract is a repudiation and anticipatory breach of its obligation to the other party and makes unnecessary a demand for performance by the other party as a condition precedent to an action for breach of the contract. (*Drake* v. *Hodgson*, 192 App. Div. 676.) Paragraph (d) of section 67 of the Bankruptcy Act (36 U. S. Stat. at Large, 842; 11 U. S. C. A. § 107, par. d) preserves certain liens and the rights and obligations thereby accruing and existing and provides that " Liens given or accepted in good faith and not in contemplation of or in fraud upon this act and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by this act." A chattel mortgage is a valid form of security and gives a lien which may be enforced against the trustee in bankruptcy of the mortgagor if free from fraud, based upon an actual consideration and recorded or filed as required by the local law. (See *Title Guaranty & Surety Co.* v. *Witmire*, [C. C. A.] 195 Fed. 41; *Davis* v. *Turner*, [C. C. A.] 120 id. 605.) The chattel mortgage here concerned was given and accepted in good faith and not in contemplation of or in fraud upon the Bankruptcy Act, and for a present consideration, and had been filed according to the requirements of the New York Lien Law, and was in all respects a good, valid and existing chattel mortgage, and under section 67 of the Bankruptcy Act it was in no way affected by the provisions of that law. The filing of the involuntary petition against Fuller was in legal effect a repudiation and an abandonment by the mortgagor of his contract. The title to the mortgaged chattels became immediately vested in Rothstein as mortgagee, and pursuant to the express provisions of the chattel mortgage the entire amount immediately became due and payable. The delivery of the automobile by Fuller as mortgagor to Rothstein as mortgagee was in accordance with the provisions of the chattel mortgage, and the sale of the automobile by Rothstein at private sale for a fair and reasonable amount was also in accordance with the terms and provisions of the said chattel mortgage. I hold that the trustee in bankruptcy has no right, interest or claim in respect to this automobile covered by said chattel mortgage, and that the con-

tention of the bankruptcy trustee that from and after June 26, 1922, when the involuntary petition in bankruptcy was filed, this automobile came into *custodia legis*, is without merit and cannot be approved under the express provisions of section 67-d of the Bankruptcy Law. The court reserved decision on a motion to strike out the testimony concerning telephone conversations claimed to have been had with Rothstein. I am satisfied that no proper foundation was laid for the introduction of this testimony, nor was it adequately and properly connected with said Rothstein, and the motion to strike out this testimony is granted.

Verdict is directed in favor of the defendant upon all the issues. Motion to set aside the verdict and for a new trial will be deemed to have been made by the plaintiff, and same is denied, with exception to the plaintiff; thirty days' stay and thirty days to make a case granted. The clerk is directed to enter judgment accordingly.