Morris Liebman, Respondent, v. Brockway Motor Truck Corporation and Another, Appellants.

Supreme Court, Appellate Term, Second Department, March Term, 1930.

*Morris Richmond*, for the appellants.

*Abner H. Pike*, for the respondent.

Per Curiam. Judgment unanimously reversed, upon the law, with thirty dollars costs to appellants, and complaint dismissed, with appropriate costs in the court below. The seizure of the car was authorized by the terms of the chattel mortgage, which provided that the mortgagee, if the car was sold, could retake it without notice. None of the cases cited by the respondent are applicable. Those cases deal with clauses which permitted a mortgagee to take if he deemed himself insecure. Under such clauses it is held that the feeling of insecurity on the part of the mortgagee must be real and not sham. In the present case the plaintiff bought subject to the terms of the mortgage, and his attorney explained the mortgage to him. The sale to the plaintiff was without the consent of the mortgagee, who, therefore, had the right to take the car. (*Conkey* v. *Hart*, 14 N. Y. 22; *Baumann* v.

*Cornez*, 15 Daly, 450.) The title of Brockway Motor Truck Corporation to the chattel was complete after it took possession. (*Harrison* v. *Hall*, 239 N. Y. 51.) Therefore, neither it nor the codefendant, who assisted it to retake the car, were guilty of conversion (*Cody* v. *First National Bank*, 63 App. Div. 199), even though the mortgagee was actuated by improper motives (*Morris* v. *Tuthill* 72 N. Y. 575). No fraud was established as against either defendant.

All concur; present, CROPSEY, MACCRATE and LEWIS, JJ.