ARTHUR S. BAKER and CLIFFORD RAYMOND, a Copartnership Doing Business under the Firm Name and Trade Name of BAKER & RAYMOND, Petitioners, Respondents, *v.* CENTRAL NEW YORK FREIGHTWAYS, INC., and Others, Defendants, Impleaded with WARD LA FRANCE TRUCK CORPORATION, Appellant, and FRANK C. CHAPMAN and WILLIAM K. DUNN, Doing Business under the Firm Name and Style of CHAPMAN & DUNN, Respondents.

Third Department, April 27, 1938.

*Kommel & Rosenberg* [*Myron Kommel* and *Nathan Rosenberg* of counsel], for the appellant.

*Allen M. Light* [*Martin M. Goldman* of counsel], for the petitioners, respondents.

*Martin M. Goldman*, for the respondents Chapman and Dunn.

BLISS, J. On July 10, 1937, the sheriff of Clinton county attached a 1937 Diamond-T automobile tractor truck with chassis

numbered 93745 and motor numbered NN 574764. This levy was made by virtue of a warrant of attachment in an action commenced in the City Court of the city of Plattsburg, Clinton county, by the respondent Baker & Raymond against the Central New York Freightways, Inc. On the same day the same sheriff levied upon the same tractor truck under an execution issued upon a judgment of the Supreme Court, Clinton county, in an action by the respondent Chapman & Dunn against the Central New York Freightways, Inc. On July twenty-third the appellant Ward La France Truck Corporation filed with the sheriff an affidavit claiming title to the Diamond-T tractor truck, thus twice levied upon, by virtue of two chattel mortgages held by it. A petition was then presented to the County Court of Clinton county, under section 924 of the Civil Practice Act, by Baker & Raymond, in which they sought an order that the judgment obtained in their action be declared a lien upon the truck levied upon superior to the chattel mortgages of the appellant. Answer was made by the appellant, certain of the facts stipulated, and a determination made by the court to the effect that the liens of the judgments of Baker & Raymond and Chapman & Dunn were superior to the mortgages of the appellant Ward La France Truck Corporation. From this order an appeal is taken.

It was stipulated that on July 17, 1936, the Central New York Freightways, Inc., mortgaged to the appellant by chattel mortgage a certain motor vehicle described as follows: " 1 Diamond-T Chassis Model 360, Serial No. 93745, Motor No. NN 566176, and all equipment and accessories delivered therewith and all chattels thereafter placed upon said automobile together with the cab," and that on January 6, 1937, the Central New York Freightways, Inc., mortgaged to the appellant by chattel mortgage five motor vehicles, one of which was described as model 360, Diamond-T tractor chassis, serial number 94454, motor number NN 574764. It will, therefore, be seen that when the tractor was levied upon by the sheriff the motor numbered NN 574764 was found to be in chassis numbered 93745. The learned County Court was of the opinion that because the motor which was originally in chassis numbered 93745 had been replaced by motor numbered NN 574764 from chassis numbered 94454, the tractor attached and levied upon was not the same as any of the tractors described in either of the chattel mortgages and, therefore, the mortgages were void as to third parties.

We reach a different conclusion. By the chattel mortgage dated July 17, 1936, the appellant was given a lien on chassis numbered 93745 and by the chattel mortgage dated January 6, 1937, it was given a lien on motor numbered NN 574764. It,

therefore, had liens upon both the chassis and motor levied upon by the sheriff under the attachment and execution on July 10, 1937. Its liens antedated those of the respondents upon both the chassis and motor. There is nothing uncertain or indefinite about the descriptions of the property intended to be covered by these mortgages. The chassis and motor in question were each specifically mentioned by number and may now be identified with certainty by their respective numbers. That the mortgagor or some one else may have changed motors from one chassis to another does not affect the validity of the mortgages as long as the property may still be clearly identified. There is nothing inseparable about a tractor chassis and its motor and neither loses its identity by such a change.

The order should be reversed, with twenty-five dollars costs and disbursements, and an order granted in accordance with this opinion, with ten dollars costs and disbursements.

HILL, P. J., RHODES, McNAMEE and HEFFERNAN, JJ., concur.

Order reversed on the law, with twenty-five dollars costs and disbursements, and an order granted in accordance with the opinion, with ten dollars costs and disbursements.