W. H. LAPIDES, Plaintiff, *v.* MAX FINKEL et al., Defendants.

Supreme Court, Special Term, Albany County, August 10, 1950.

*Charles Grosberg* for plaintiff.

*Stephen P. Vinciguerra* for Union National Bank of Troy, third-party claimant.

MACAFFER, J.  This is an application under the provisions of section 924 of the Civil Practice Act by the Union National Bank of Troy as claimant of certain personal property, to wit: a 1949 Chrysler automobile, serial No. 70770258, now in the possession of the Rensselaer County Sheriff under a warrant of attachment issued in this action on May 25, 1950.  Claimant bank alleges in its moving affidavit that on October 6, 1949, the defendants executed and delivered to the bank a chattel mortgage on two Chrysler automobiles, one of which was the above-described motor vehicle; that the said chattel mortgage was given to secure the payment of the mortgage debt of $3,403.20

in monthly installments of $141.80 commencing November 15, 1949; that said chattel mortgage was duly recorded in the Rensselaer County Clerk's Office on October 10, 1949; that default was made in the payment of the mortgage installment due June 15, 1950; that claimant has elected, pursuant to the terms of the mortgage, to retake possession of the said automobile; that on or about May 25, 1950, the Rensselaer County Sheriff levied on said automobile, pursuant to the warrant of attachment, and now has the same in his possession; that both of the defendants and the other of the two cars are now in the State of California.

While the notice of motion in this application is undated, the moving affidavit was sworn to June 29, 1950, and plaintiff's opposing affidavit states that the motion papers were received June 30, 1950. The moving affidavit further alleges that notice of default in the payment of the installment due June 15, 1950, was given to the defendants by a letter dated June 20, 1950, in reply to which the bank received a letter dated June 21, 1950, from the defendant Finkel's wife stating that the defendants were in California with one of the automobiles and that the Sheriff had taken possession of the other.

The facts with respect to the execution and delivery of the chattel mortgage on the two automobiles to the bank, its recording, the default of the defendants thereunder and the absence of the defendants from the State are not controverted in plaintiff's answering affidavits. Plaintiff first attacks the service of the papers on this motion and appears specially for that purpose and urges that service of the notice of application should have been made personally on the plaintiff rather than by mail on the plaintiff's attorney. Plaintiff contends on the merits that the claimant is not entitled to the relief sought because the defendant, Max Finkel, was the owner of the said automobile, subject to the lien of the chattel mortgage and that the chattel mortgage was not in default until after the time of the levy under the warrant of attachment. Plaintiff also contends that section 688 of the Civil Practice Act is a ground for a denial of the relief sought. Plaintiff argues that the claimant is not the real party in interest and is acting in bad faith.

Section 924 of the Civil Practice Act provides for notice of application to the plaintiff, the Sheriff and the defendants, if they have appeared. Where a party has appeared in an action, a notice or other paper required to be served must be served upon his attorney (Civ. Prac. Act, § 163) and may be served

by mail (Rules Civ. Prac., rule 20). The service of notice of this application upon plaintiff's attorney was therefore sufficient. No contention is made that service was not had upon the Sheriff. It is conceded by the plaintiff that the defendants have not appeared in this action. As a matter of fact, service of the summons upon the defendants was being made by publication and was not yet complete. The special appearance is therefore overruled.

The court addresses itself to the remaining contentions in the inverse order to that stated. The court is not concerned with the arguments based upon the bad faith of the claimant. Such allegations, even if true, would not be a good ground for a denial of the application. Either the claimant is entitled to the possession of the personal property attached or it is not. Its motives are immaterial. (*Liebman* v. *Brockway Motor Truck Corp.*, 140 Misc. 73; *Morris* v. *Tuthill*, 72 N. Y. 575.)

Section 688 of the Civil Practice Act provides for a levy and sale of mortgaged personal property under an execution on a judgment against a chattel mortgagor. Obviously such provisions have no application to a levy under a warrant of attachment. We are not concerned here with a levy and sale under an execution of the equity of a chattel mortgagor in personal property.

The chattel mortgage provided in part as follows: " 2. When the Mortgagor shall be in default in the payment of any sum due under the Mortgage or in the performance of any other condition of the Mortgage, the Mortgagee, with or without notice to the Mortgagor, may enter upon the premises where the goods may be found and retake possession thereof. Unless the goods can be retaken without breach of the peace, they shall be retaken by legal process."

The defendants are in default of the payment of the June 15th installment. Under the terms of the mortgage the mortgagee is entitled to retake possession of the goods. When the mortgagors defaulted in payment of the mortgage according to its terms, the mortgagee became in law the owner (*Harrison* v. *Hall*, 239 N. Y. 51, 52; Eager on Chattel Mortgages and Conditional Sales [Perm. ed.], §§ 224, 230) and immediately entitled to the possession of the automobile (*Sprague* v. *Glynn*, 136 Misc. 163; *Bragelman* v. *Daue*, 69 N. Y. 69; *New York Yellow Cab Co.* v. *Courtlandt Garage & Realty Corp.*, 223 App. Div. 44; Eager on Chattel Mortgages and Conditional Sales [Perm. ed.], §§ 173, 177, 179). The lien of the prior recorded chattel mort-

gage was superior to that of the levy under the warrant of attachment. (*Baker* v. *Central New York Freightways,* 254 App. Div. 61; *Hazlett* v. *Hamilton Stor. & Warehouse Co.,* 47 Misc. 660; Eager on Chattel Mortgages and Conditional Sales [Perm. ed.], § 510.)

Plaintiff opposes the relief sought on legal conclusions he contends must be drawn from the facts. However, the plaintiff has not shown such facts as may be deemed by the court sufficient to entitle him to a hearing to try the title to said property. Neither has plaintiff requested the court to fix the amount of indemnity to be furnished by him to the Sheriff. Therefore, as it appears to the satisfaction of the court that there is reason to believe that the claimant is entitled to the property attached, the court under the provisions of the statute (Civ. Prac. Act, § 924) must grant the application of the claimant for the delivery of the property to it.

The application is therefore granted, without costs, and the Sheriff of Rensselaer County is directed to deliver the automobile attached by him in this action to the claimant, the Union National Bank of Troy, upon the service of a certified copy of the order to be entered hereon.

Submit order accordingly.