JOHN S. KEYES and Another, Individually and as Executors, etc., Appellants, v. BARBARA ELLENSOHN, Impleaded, etc., and ANNA KRISTOF, by SAMUEL D. SEWARDS, her Guardian ad litem, Respondent.

*Guardian ad litem for an infant defendant — when he may be appointed on the plaintiff's application.*

A guardian for an infant defendant of the age of fourteen years and upwards cannot be appointed upon the plaintiff's petition until after the expiration of twenty days from the time that the service of the summons is complete.

*Quære*, whether such an appointment is void or voidable only.

APPEAL by the plaintiffs, John Keyes and another, individually and as executors, etc., of Antoine Ruppaner, deceased, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 30th day of August, 1893, vacating and setting aside the judgment entered in the above-entitled action as to the defendant Anna Kristof.

*Eugene H. Hatch*, for the appellants.

*Isaac N. Miller*, for the respondent.

PER CURIAM:

The infant defendant was upwards of fourteen years of age when her guardian *ad litem* was appointed upon the petition of the plaintiffs' attorney. An appointment of a guardian *ad litem* for an infant of the age of fourteen years or upwards cannot be made upon such a petition until after the expiration of twenty days from the time when the service of the summons is complete. (Code Civ. Proc. § 471.) It is conceded that this appointment was made within the twenty days, and consequently it was premature and void.

The guardian so appointed appeared in the action and answered, but made no defense on the trial, and May 5, 1892, judgment was entered against the infant. On July 24, 1892, a guardian *ad litem* was appointed on the petition of the infant, who moved to vacate the judgment as against his ward, which was granted.

The appellant urges that a judgment against an infant defendant for whom a guardian has not been appointed is voidable, but not void. Assume this to be so — which we do not decide — the Special Term had the right to set aside a voidable judgment as against this infant, and we think its discretion was wisely exercised.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Present — FOLLETT and PARKER, JJ.

Order affirmed, with ten dollars costs and disbursements.