JOHN S. KEYES and Another, as Executors, etc., of ANTOINE RUPPANER, Deceased, Respondents, *v.* BARBARA ELLENSOHN and Another, Appellants, and THE TOWN OF ALTSTAETTEN and Others, Respondents.

*Failure to make a person interested therein a party to an action — effect of the judgment in the action.*

The mere fact that the necessary parties to an action are not before the court upon the trial thereof does not oust the court of jurisdiction, so far as the persons are concerned who are made parties to the action, nor does it make the judgment rendered void.

The only effect of such omission is that the judgment is not binding upon the person who should have been, and was not, made a party to the action.

Appeal by the defendants, Barbara Ellensohn and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of June, 1894, denying their motion to vacate and set aside the judgment entered in said clerk's office on the 5th day of May, 1893, or, in the alternative, to open their default therein.

*Isaac N. Miller*, for the appellants.

*E. C. Perkins*, for the respondents.

Van Brunt, P. J.:

This action was brought to establish the validity of the testator's will. It was commenced in February, 1893, and an order for service of non-residents by publication was obtained. A guardian *ad litem* was appointed for the defendants described in the complaint as Johann and Christina Kristof, infants under fourteen years of age. The case was tried on the 20th of April, 1893, and judgment entered on the fifth day of May following. There were no such persons as Johann · and Christina Kristof, children of Kathi Kristof, but she had one child, Anna Kristof, an infant over fourteen years of age. In July, 1893, upon her petition, Samuel B. Sewards was appointed guardian *ad litem*, and moved to vacate the said judgment as irregular, premature and without jurisdiction, which motion was granted, vacating the judgment as to said Anna Kristof, and giving her leave to answer the complaint. Anna Kristof thereupon answered the complaint. The plaintiff then moved for leave to discontinue the action as to said defendant, which motion was granted, and the action was discontinued accordingly. The defendant appellants then moved to vacate the judgment as irregular, as without jurisdiction, and as having in effect been already vacated, and the action discontinued as to all the parties. This motion was denied, and from the order thereupon entered this appeal is taken.

It is claimed that Anna Kristof was a necessary party to the action, and that the discontinuance as to her deprived the court of

jurisdiction, and rendered the judgment void. This contention is based upon the language of the section of the Code of Civil Procedure under which this action was commenced.

The mere fact that necessary parties are not before the court upon the trial of an action does not oust the court of jurisdiction so far as such persons are concerned who were made parties to the action. The distinction between necessary and proper parties has been too often discussed, and the validity of judgments where, under the rules of law, other parties were necessary has been too often upheld to need the citation of authorities. The only effect of such omission is that the judgment is not binding upon the party who has been omitted. In the discussion of this question it is not necessary for us to determine whether, within the language of the section referred to, Anna Kristof was or was not a necessary party.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

O'BRIEN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.