---

## In re RUPPANER'S WILL.

(Supreme Court, Appellate Division, First Department. June 19, 1896.)

COSTS—ALLOWANCE TO SPECIAL GUARDIAN.
> Under Code Civ. Proc. § 2561, providing that in certain cases the surrogate may, in his discretion, fix such a sum to be allowed as costs in addition to the disbursements as he deems reasonable, not exceeding $70, unless the trial necessarily occupied more than two days, a surrogate has no authority to grant a greater allowance.

Appeal from special term, New York county.

Proceeding to revoke the probate of the will of Antoine Ruppaner, deceased. The proceeding was dismissed (37 N. Y. Supp. 429), and an allowance of $250 was awarded to the guardian ad

litem as his costs. From so much of the decree as made such award, the executors of the will appeal. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

Edward C. Perkins, for appellant.

S. D. Sewards, for respondent.

INGRAHAM, J. The costs in proceedings in surrogates' courts are regulated by Code, §§ 2558–2561, inclusive. Subdivision 3 of section 2558 provides that:

"When the decree is made upon a contested application for probate, or revocation of probate of a will, costs, payable out of the estate or otherwise, shall not be awarded to an unsuccessful contestant of the will, unless he is a special guardian for an infant, appointed by the surrogate, or is named as an executor in a paper propounded by him, in good faith, as the last will of the decedent."

And by section 2561 it is provided that:

"In a case other than one of those specified in section 2560, the surrogate, upon rendering a decree, may, in his discretion, fix such a sum, to be allowed as costs, in addition to the disbursements, as he deems reasonable, not exceeding, * * * where there has been a contest, seventy dollars, unless the trial necessarily occupied more than two days."

In this case the trial did not occupy more than two days. These provisions of the Code are the only provisions which allow surrogates' courts to award to a guardian ad litem any sum out of the estate of the decedent. If a guardian ad litem is entitled to counsel fee in addition to the costs the surrogate can award, he should be paid out of the infant's estate.

See In re Budlong, 100 N. Y. 205, 3 N. E. 334, where the court say:

"The special guardian was appointed to look after and protect the interests of the infants. He had no duty whatever to discharge in reference to the estate of the testator, and there was no authority whatever to order the compensation of the special guardian to be paid out of the estate. His compensation should either come from the infants or their estate."

The only authority, therefore, that the surrogate had to award costs or compensation to the special guardian, was that contained in the sections of the Code before cited. Under the provisions of the Code, the surrogate has power, when the decree is made upon a contested application for probate, or revocation of probate of a will, to award costs, payable out of the estate or otherwise, to a special guardian appointed by the surrogate, but such costs, in addition to the disbursements, where there has been a contest, and where the trial does not occupy more than two days, shall not exceed $70.

The final judgment was therefore erroneous in awarding to the special guardian a sum greater than $70 and his disbursements. So much of the decree as awards the sum of $250 to this respondent, special guardian, is modified so as to provide that $70 and the disbursements to be taxed are hereto allowed to Samuel D. Sewards, special guardian herein for the minor, Anna Kristof; and, as so modified, the decree is affirmed, without costs. All concur.