RUMSEY, J.
—The petitioner, Barbara Ellensohn, on the 3cl •day of March, 1894, presented to the surrogate a petition for the revocation of the probate of the will of Antoine Ruppaner, deceased, pursuant to the provisions of section 2647 and the following sections of the Code of Civil Procedure. After hearing, the surrogate dismissed the petition, and from his decree to that effect this appeal is taken. The facts are not disputed. It appears that an application was made to the court of common pleas for the probate of the will of Antoine Ruppaner; the surrogate, for some reason, not being able to act in the matter. The proceedings in the court of common pleas were taken under the authority of section 2486 of the Code, as it stood before the amendment of 1895. Proceedings were had under that and subsequent sections in the matter, and on the 2d day of November, 1892, judgment was entered and recorded in the •court of common pleas, duly admitting the will to probate. Subsequently and on the 19th day of January, 1893, the judgment and the will were filed in the office of the surrogate of the ■county for record; and they were subsequently recorded, but not until after the 3d day of March of that year. The surrogate dismissed the petition in this proceeding for two reasons, one of which was that it was not brought within a year after the recording of the decree admitting the will to probate. We agree with the conclusion of the surrogate in that regard. The statute under which the proceedings for the probate of the will were had provides that a proceeding for probate taken in the court of common pleas must be entitled in that court, and the ' papers therein must be filed or recorded as in an action brought in that court. Code Civ. Proc. § 2490. Under that section the judgment of the court of common pleas directing the admission of the will to probate was required to be recorded in that court, and it was so recorded, as is found by the surrogate, on the 2d day of November, 1892. The statute pursuant to which this petition is brought requires that the petition must be presented within one year after the recording of the decree admitting the will to probate. Code "Civ. Proc. § 2648. The decree admitting the will to probate in this case was that one which was made by the court of common pleas and recorded on the 2d of November, 1892, and the year expired on the 2d of November, 1893, and the petition presented on the 3d of March, 1894, as this one was, was too late. The subsequent recording of the decree in the office of the surrogate was a matter of no importance in respect of this matter, and therefore it is unnecessary to examine the question whether, for the purposes of such proceeding as this, the decree is deemed tobe recorded when it is filed for record, or when the actual physical record takes place.
It was also made to appear in this matter that before the presentation of the petition an action had been begun by a person interested in the will of Antoine Ruppaner, pursuant to section 2653a, to determine its Amlidity. The parties to that *1458 action, including the petitioner, were also parties to this proceeding. That action went to judgment, and the result was that it was determined in that proceeding that the will was valid. The judgment in that action is relied upon by the respondents here, who were parties to it, as a bar against the right of the petitioner, who was also a party, to further proceed to test the validity of this will., That the judgment, under ordinary circumstances, would be conclusive as between Mrs. Ellensohn and all the other parties to it, and would determine-finally that the will was valid, is not disputed, but it is claimed by the petitioner here that the judgment is void because the court had no jurisdiction of the case. The reason assigned is that one Anna Kristof, who it is alleged was interested in the will, and therefore a necessary party, was not a party to the-action at the time the judgment was entered. For that reason it is asserted that the judgment was void. It is rather a novel proposition that the judgment of a court of general jurisdiction should be void, as between tho^e persons who were parties to the action in which the judgment was entered, because some other person, who should have been made a party, was not joined in the action. The very statement of the proposition would seem to be a conclusive answer to it. In regard to this judgment, however, the matter has been settled in the very action in which the judgment was entered, by the decision of this court (Keyes v. Ellensohn, 82 Hun, 13, 03 S.K. 227), where it was sought to set aside the judgment on account of its alleged invalidity because of the absence of Anna Kristof as a. party to the action. The court in that case held that there was jurisdiction to render the judgment, although Kristof might have been a necessary party, which was not decided. That decision is conclusive in this proceeding, and establishes that the judgment which was relied upon by the respondents here was a valid judgment, and consequently the determination in that judgment that the will was valid is a bar to the prosecution of this special proceeding by the appellant.
For these reasons the decree of "the surrogate must be affirmed, with costs to the respondents.
All concur.