has attempted to acquire a right to appeal after the time therefor has expired, in violation of the express provisions of the Code, no attempt would have been made to obtain the vacation of this judgment. It appeared, however, that the respondent had lost his right to appeal by failing to serve his notice of appeal in time; and that this is a serious prejudice, we assume. But this failure to appeal was not in any way caused by the irregularity complained of, and that irregularity did not in any way prejudice the respondent. Section 784 of the Code is explicit. Neither the court nor judge has authority to extend the time fixed by law within which an appeal can be taken; nor can a court or a judge allow either of those acts to be done after the expiration of the time fixed by law, except in a case specified in the next section, which does not apply to the case at bar. We have thus an application to the court to violate an express provision of law, and give to this respondent a right which he has lost by reason of his own neglect, and which section 721 of the Code expressly says we shall not give because of an irregularity which has not prejudiced him. We think, therefore, that to grant this motion would be an express violation of the provisions of the Code, and an exercise of a power unauthorized by law.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion below denied, with $10 costs. All concur.

---

### SMITH v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

DAMAGES—WHEN EXCESSIVE.

A verdict for $10,000 for personal injuries is excessive where the evidence showed that the plaintiff, a teacher in a public school, was cut in the forehead and bruised on body and limbs, by which she was confined to her bed two weeks; that she had not recovered at the trial from brain irritation and congestion developed at the time of her injury; that she suffered more when making mental efforts, and that after school she was exhausted, and had to go home and lie down; that she slept but little, day or night; that she was absent from work four months, but lost little in salary or money.

Appeal from trial term, Kings county.

Action by Frances A. Smith against the Third Avenue Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Modified.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William N. Cohen, for appellant.
John T. Little, Jr., for respondent.

BROWN, P. J. The plaintiff recovered a verdict of $10,000 for injuries sustained through the negligence of the defendant while attempting to get upon one of the defendant's cable cars on Third avenue, in the city of New York. As a result of the accident, the plaintiff was thrown down upon the car platform, and received a

severe cut in her forehead, and several bruises upon her body and limbs. The cut upon her head was sewed up by a physician, and healed in due course of time. The plaintiff was confined to her bed for two weeks, when she got up, and walked around. She testified that she was at that time unable to control her limbs, and that her head swam, and she had a great deal of pain there and in the back of her neck. Her physician testified that at the time of the trial she had not recovered from the symptoms that developed at the time of her injury; that her trouble was "brain irritation,—congestion of the base of the brain, due to the shock and blow that she had received"; that when she made any mental effort the brain would become more congested, and induce symptoms that rendered it impossible for her to use her brain, and that she would then have headache and nausea; that, if she rested and remained quiet, and had nothing to worry her, she was in fairly good condition, but just as soon as she tried to work, or use her brain, she would get dizzy, and have headache, and be unable to walk any distance without getting dizzy. The plaintiff was 54 years of age, a teacher in the public schools of New York, and had been such for nearly 26 years, and received for her services the sum of $1,750 per year, which was the maximum salary paid for such employment. She returned to her school about a month after the accident, for a few days, and then was obliged to give up work, and remained away for four months. During that period she received pay for Saturdays and Sundays, days which it appears all teachers were paid for, according to the custom of the school department. Plaintiff testified to receiving over $97 in December, the month in which the accident occurred, as much as $77 in January, $53 in February, and $43 in March. About April 1st she resumed her school duties, and was at work regularly after that until the time of the trial. There was testimony as to the existence of pain and suffering, which would naturally follow such an accident as befel the plaintiff. As to the permanent effect upon her system as it was developed at the time of the trial, she testified as follows:

"The accident was December 7th. When I came back, four months afterward, I have not been able to do my work as I did it before. I cannot keep my mind on my work. My head gives out, and my eyes. That I never had before. When I get home, after making an effort to go through the school work, I am very much exhausted. I go to bed every afternoon when I get home. I go home about four o'clock. I don't go to sleep when I lie down. I am too nervous to sleep. I just lie and rest. I sleep very poorly nights. There are nights that I do not sleep at all. I am taking medicine from the doctor to make me sleep. I have been taking it ever since the accident, but not all the time, not every night. I have been crawling along with my school work the best I can, and going to bed as soon as I get home. This trouble with my head and eyes, I think, is getting worse. I had been teaching twenty-three years and some months. In December of this year I will have completed twenty-six years. I am not able to continue my school work. I never had this trouble before. At the time of this accident I was able to do my work vigorously."

The rule of damages applicable to the case permitted the jury to award to the plaintiff compensation for the pecuniary loss she had sustained from her injuries, and also fair and adequate compensation for the pain and suffering that she had undergone, and also for

such as it was reasonably certain would be the necessary result of the injury which she had sustained. The pecuniary loss of salary was small, and there was no testimony offered to show that the plaintiff had paid or was liable to pay for any medical or other services. The testimony of the plaintiff that she was unable to continue her school work, as the result of the accident, and the testimony of the physician that any mental effort would develop symptoms that would render it impossible for her to use her brain, appear to be contradicted by the undisputed fact that the plaintiff resumed her school duties in April, 1895, four months after the accident, and had continued them uninterruptedly down to the time of the trial, which took place in May, 1896, and the plaintiff was unable to show that during that period she had been absent from her school duties more days than she had during a corresponding period prior to the accident. Upon this point she was asked, upon cross-examination, whether, from the time she returned to her work, in April, to the time of the trial, she had lost as many days as she had during the same number of months immediately before the accident, and her answer was: "I don't know. It seems to me it might be about what I have lost before; perhaps not as much."

Upon the facts thus briefly referred to in relation to the permanent character of the injuries, we are of the opinion that the verdict was excessive, and that it should be reduced to the sum of $5,000. The judgment should therefore be reversed, and a new trial granted, with costs to abide the event, unless the plaintiff stipulates within 20 days to reduce the verdict to the sum of $5,000, with a corresponding reduction in the amount of the extra allowance granted at the trial; and, if such stipulation is made, the judgment so reduced will be unanimously affirmed, without costs of appeal. All concur.