tion by Charles Remsen and others against the Metropolitan Elevated Railroad Company. No opinion. Motion to resettle order granted. See 41 N. Y. Supp. 593.

In re RUPPANER. (Supreme Court, Appellate Division, First Department. January 15, 1897.) In the matter of Antoine Ruppaner. No opinion. Motion granted. See 41 N. Y. Supp. 212, 1130, and 39 N. Y. Supp. 763, 1130.

SHAY, Respondent, v. CITY OF ELMIRA, Appellant. (Supreme Court, Appellate Division, Third Department. January 15, 1897.) Action by Margaret Shay against the city of Elmira. No opinion. Judgment and order affirmed, with costs.

SHEEHAN v. CARVALHO. (Supreme Court, Appellate Division, First Department. January 15, 1897.) Action by John C. Sheehan against Solomon S. Carvalho. No opinion. Motion denied, upon payment of $10 costs, in order to give appellant an opportunity to move at special term to open his default. See 42 N. Y. Supp. 222.

In re SHEET METAL WORKS. (Supreme Court, Appellate Division, First Department. December 18, 1896.) In the matter of the application of the Sheet Metal Works. No opinion. Order affirmed, with $10 costs and disbursements.

SHERWOOD et al., Respondents, v. NEW YORK, O. & W. R. Co., Appellant. (Supreme Court, Appellate Division, Third Department. January 12, 1897.) Action by Webster Sherwood and another against the New York, Ontario & Western Railroad Company. No opinion. Judgment affirmed, with costs.

SMITH, Respondent, v. THIRD AVE. R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 22, 1896.) Action by Frances A. Smith against the Third Avenue Railroad Company. No opinion. Motion for reargument denied, with $10 costs. See 41 N. Y. Supp. 977.

STAPF v. V. LOEWERS GAMBRINUS BREWERY CO. (Supreme Court, Appellate Dvision, First Department. January 15, 1897.) Action by Casper Stapf against V. Loewers Gambrinus Brewery Company. No opinion. Motion granted.

STORM, Respondent, v. REMSEN et al., Appellants. (Supreme Court, Appellate Division, Second Department. December 30, 1896.) Action by Irene B. Storm, an infant, by Jaques Van Brunt, her guardian ad litem, against T. Schenck Remsen and others. No opinion. Judgment modified so as to declare the deed therein mentioned void in toto as against the plaintiff, and as so modified affirmed, without costs.

SWITZER, Respondent, v. NORTON, Appellant. (Supreme Court, Appellate Division, Second Department. December 22, 1896.) Ac-

tion by Walter E. Switzer against James Norton, as sheriff, etc. No opinion. Judgment and order affirmed, with costs.

THOMAS v. THOMAS. (Supreme Court, Appellate Division, First Department. December 18, 1896.) Action by Franklin C. Thomas against Dora M. Thomas. No opinion. Motion denied. See 41 N. Y. Supp. 276.

TINNEY v. PIERREPONT. (Supreme Court, Appellate Division, First Department. December 18, 1896.) Action by Bernard J. Tinney against Margaretta Pierrepont. No opinion. Motion to send record back in order that motion may be made for resettlement granted, upon payment of $10 costs.

TODD, Respondent, v. EIGHMIE, Appellant. (Supreme Court, Appellate Division, First Department. December 22, 1896.) Action by Judson S. Todd against George D. Eighmie. No opinion. Motion for resettlement granted. See 41 N. Y. Supp. 1013.

TODD, Respondent, v. EIGHMIE, Appellant. (Supreme Court, Appellate Division, First Department. December 22, 1896.) Action by Judson S. Todd against George D. Eighmie. Reuben H. Underhill, for appellant. D. B. Ogden, for respondent. No opinion. Motion for reargument and for leave to appeal to the court of appeals denied, with $10 costs. See 41 N. Y. Supp. 1013.

TOMASELLI, Appellant, v. JOHN GRIFFITHS CYCLE CORP., Respondent. (Supreme Court, Appellate Division, Second Department. December 22, 1896.) Action by Lorenzo G. Tomaselli, Jr., against the John Griffiths Cycle Corporation. No opinion. Motion for reargument denied. See 41 N. Y. Supp. 51.

TRAIN, Respondent, v. DAVIDSON, Appellant. (Supreme Court, Appellate Division, Second Department. December 12, 1896.) Action by Mary B. Train against George L. Davidson. Ira Leo Bamberger, for appellant. Flamen B. Candler, for respondent.

PER CURIAM. The papers read in opposition to defendant's motion to resettle the order show that the counsel who appeared for defendant and opposed the motion to consolidate was presented with the order, wrote his name therein as such opposing counsel, and returned the same to plaintiff's counsel without objection to its form or contents, or suggestion of change in any respect. This order was presented to the court and signed by it after decision of the motion, and no change was then made or suggested. The court below was therefore authorized to conclude that the order as entered was by consent of the representative of defendant. It would have been quite proper to charge plaintiff with the costs of defendant in the city court as a condition of granting the order of consolidation; but the court had the power to decide otherwise, and defendant, not having appealed from the order, is concluded thereby, and is not entitled, upon a motion to resettle the order, to a reconsideration of that question. It may be that the order is indefinite in its recital, "and on all