## FISHEL v. HAMILTON STORAGE WAREHOUSE CO.

(Supreme Court, Appellate Term. January 7, 1904.)

**1. CHATTEL MORTGAGES—DEFAULT—FORECLOSURE—NECESSARY PARTIES.**

Where a mortgagor removed chattels to a warehouse in violation of the terms of the mortgage, and without the mortgagee's consent or knowledge, although the mortgagee's title thereby became absolute, and the mortgagor lost all title and right of possession, there still remained in her the right of redemption, and she was therefore a necessary party to an action by the mortgagee against the warehouseman to foreclose the lien.

**2. SAME—MUNICIPAL COURT ACT.**

Where a chattel mortgagee brings suit under Municipal Court Act (Laws 1902, p. 1532, c. 580) §§ 137, 139, providing that an action may be brought in such court for the foreclosure of a lien, and that for the purposes of such an action a chattel mortgage shall be deemed a lien, he must conform to the provisions of the act, and will be deemed a lienholder, and not the owner of the chattels, though a default has vested in him the absolute title and right of possession, and hence must join the mortgagor.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by George M. Fishel against the Hamilton Storage Warehouse Company. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P J., and GILDERSLEEVE and GREENBAUM, JJ.

M. J. O'Connell, for appellant.
C. B. Plant, for respondent.

GILDERSLEEVE, J. The pleadings are oral. The action is for the foreclosure of a lien on chattels. The answer is a general denial. The defendant, being engaged in the storage business, received the chattels in question into its warehouse, and now attacks the judgment upon the ground that there is a defect of parties defendant, in not joining the mortgagor, and that the plaintiff had no remedy against defendant. The question of defendant's lien for storage has not arisen on this appeal. The defendant did not claim upon the trial any lien prior to that of the plaintiff. The chattels were sold by plaintiff to one Mathews, who gave a chattel mortgage, dated September 16, 1901, to secure the payment of the purchase price in installments. This mortgage was filed for record in the office of the register of New York county on December 10, 1901. The said Mathews failed to comply with the terms of the mortgage, and plaintiff demanded the chattels in January, 1902. The said Mathews was permitted to retain possession thereof for about four months after the demand as

aforesaid by plaintiff, and in May, 1902, stored the same with the defendant.

By the removal of the chattels to defendant's warehouse, in violation of the terms of the mortgage, without plaintiff's consent or knowledge, plaintiff's title became absolute, and Mathews, the mortgagor, lost all title thereto and all right to possession. There remained, however, in the mortgagor, the right of redemption. It was not such an interest as could be seized by execution, but an equitable interest that might have substantial value. We think Mathews was a necessary party to this action, the purpose of which is to determine the rights of all the parties having an interest in the chattels. She is entitled to her day in court. Moreover, for the protection of other interests she should be made a party, that she may be bound by the judgment.

The judgment must be reversed, with costs to appellant, and without prejudice to another action. All concur.

FREEDMAN, P. J. (concurring). I concur with Mr. Justice GILDERSLEEVE in deciding that the judgment herein must be reversed. Much of the brief of the respondent herein is devoted to a claim that the plaintiff, upon default by the mortgagor in payment of the chattel mortgage, became the absolute owner of the chattels described therein. That is undoubtedly true, but the plaintiff, having resorted to the Municipal Court to enforce his rights, must conform to the provisions of the Act creating that court. The plaintiff brings his action under the provisions of section 137 of the Municipal Court Act (Laws 1902, p. 1532, c. 580), which provides that an action may be brought in such court for the foreclosure of a lien. Section 139 of said act declares that in such an action an instrument in writing described therein, of which a chattel mortgage is one, shall, for the purpose of said section, "be deemed a lien upon a chattel." The plaintiff herein, having invoked the provisions of said section, cannot, for the purposes of this action, be deemed otherwise than having a lien upon the goods mentioned, and not as being the owner, and the mortgagor should be made a party to any action brought for a foreclosure thereof.