### DORFMAN v. WEILER et al.

(Supreme Court, Appellate Term. June 13, 1904.)

**1. MUNICIPAL COURT—JURISDICTION—ACTION ARISING ON MORTGAGE.**

Municipal Court Act, § 139 (Laws 1902, p. 1533, c. 580), provides that no action shall be maintained in the Municipal Court which arises on a mortgage made to secure the purchase price of chattels, except in an action to foreclose a lien. *Held*, that an action for conversion, the right of action being based on a default made by the mortgagor in payment of a sum secured by a chattel mortgage to the plaintiff on goods purchased of him by the mortgagor, and stored by the mortgagor with defendants after such default, cannot be maintained in the Municipal Court.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Lewis Dorfman against Joseph Weiler and another. From a judgment in favor of defendants, plaintiff appeals. . Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Palmieri & Weschler, for appellant.

Abraham Wielar, for respondents.

PER CURIAM. This judgment must be affirmed, but for a different reason than that given in the opinion of the court below.

This action is brought for conversion, and the right of action is based upon a default made by the mortgagor in payment of a sum secured by a chattel mortgage given upon certain goods and chattels to the plaintiff herein, and stored by said mortgagor with the defendants after such default. Section 139 of the Municipal Court Act (Laws 1902, p. 1533, c. 580) provides that no action shall be maintained in this court which arises on a written contract of conditional sale of personal property, a hiring of personal property when the title is not to vest in the person hiring until payment of a certain sum, or a chattel mortgage made to secure the purchase price of chattels, except in an action to foreclose a lien, as provided in this article. As this action is founded upon one of the instruments enumerated in said section upon which no action can be begun except to foreclose the lien created thereby, it follows that the action should have been dismissed upon that ground. Samodwitz v. Karpf (Sup.) 80 N. Y. Supp. 704; Fishel v. Hamilton Storage Warehouse Co. (Sup.) 86 N. Y. Supp. 196.

Judgment affirmed, with costs, but without prejudice to the bringing of an action by the appellant to foreclose his lien.