BAUMAN v. KUHN et al.

(Supreme Court, Appellate Term. February 7, 1908.)

1. CHATTEL MORTGAGES—FORECLOSURE—PARTIES DEFENDANT.

A mortgagor of chattels, though he has lost all title and right to possession by default, is a necessary party defendant to an action by mortgagee to foreclose, brought against warehousemen with whom the chattels have been stored without the mortgagee's knowledge or consent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Chattel Mortgages, § 562.]

2. APPEAL—MATTERS NOT RAISED BELOW—NONJOINDER OF PARTY DEFENDANT.

Where the objection of nonjoinder of a party defendant is not raised, either by demurrer or answer, or in any way presented to the trial court, but is raised for the first time on appeal, it will be deemed to have been waived.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1184–1189.]

3. PARTIES—NONJOINDER OF PARTY DEFENDANT—EFFECT.

The omission of a necessary party defendant does not oust the court of jurisdiction as to those parties made defendants, and the only effect is that the judgment is not binding on the party omitted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, § 132.]

4. CHATTEL MORTGAGES—WAREHOUSEMAN'S LIEN—PRIORITIES.

Laws 1902, p. 1776, c. 608, § 2, since repealed by Laws 1907, p. 1706, c. 732, giving a warehouseman a lien prior and superior to the lien of a chattel mortgage, where the mortgage is not made out in the name of the depositor and the warehouseman has not actual knowledge thereof, does not give a prior lien to a warehouseman, where the chattel mortgage was made in the name of the depositor and recorded.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Samuel Bauman against Meinhart Kuhn and others. Judgment for plaintiff, and defendants Dochtermann appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

I. L. Broadwin, for appellants.

Phillips & Samuels, for respondent.

GILDERSLEEVE, P. J. The defendant Kuhn purchased from plaintiff certain household furniture, and as security for the payment of the purchase price he executed and delivered to plaintiff a chattel

mortgage thereon, which was duly recorded. Said Kuhn failed to make the payments required by the mortgage, and subsequent to such default, and to a demand by plaintiff, stored the goods with defendants Dochtermann, who are warehousemen, without the knowledge or consent of plaintiff. Plaintiff demanded the return of the goods from said Dochtermann, who refused to surrender the same, claiming a warehouseman's lien thereon. Plaintiff brought this action to foreclose the lien of his mortgage, and obtained judgment in his favor. Defendants Dochtermann appeal.

The goods were stored in the name of Kuhn, and Dochtermann had no knowledge of the chattel mortgage, except such constructive knowledge as arose from the fact that the mortgage was duly filed in the register's office. Kuhn was not served with process, and has not appeared in the action. The rule is that where the chattels have been removed by the mortgagor to a storage company, without the consent of the mortgagee, after the default of the former and a demand on the part of the latter, and an action to foreclose the lien of the mortgage is brought against the storage company in the Municipal Court, the mortgagor should be made a party defendant, since he has a right of redemption, which may have a substantial value, although he has lost all title and right of possession by his default, and he should also be made a party for the protection of other interests, so that he may be bound by the judgment. Fishel v. Hamilton Storage Co., 42 Misc. Rep. 532, 86 N. Y. Supp. 196. However, the objection of nonjoinder was not raised, either by demurrer or answer, nor was it in any way presented to the trial court, but is raised for the first time on appeal. It must, therefore, be deemed to be waived. The mere fact that necessary parties are not before the court upon the trial of the action does not oust the court of jurisdiction, as far as such persons are concerned who were made parties to the action, and the only effect of such omission is that the judgment is not binding upon the party who has been omitted. Keyes v. Ellensohn, 82 Hun, 13, 30 N. Y. Supp. 1035, affirmed 144 N. Y. 700, 39 N. E. 857.

The defense of the defendants warehousemen is based upon section 2, c. 608, p. 1776, of the Laws of 1902 (since repealed by chapter 732, p. 1706, of the Laws of 1907), which, so far as applicable, provides as follows:

"A warehouseman shall have a lien upon goods stored with him for storage. * * * Such lien of a warehouseman shall be prior and superior to the lien of a chattel mortgage, * * * where the chattel mortgage is not made in the name of the depositor * * * and the warehouseman has not actual knowledge of the chattel mortgage."

The inference to be drawn from the wording of the statute seems to be that actual knowledge is essential when the chattel mortgage is not made in the name of the depositor, and where no constructive knowledge of such mortgage on the part of the warehouseman can be predicated on the facts. In the case at bar the chattel mortgage was, as we have seen, made in the name of the depositor—i. e., Kuhn—and the warehousemen had that constructive knowledge of such mortgage that arises from the fact that the same was duly filed in the register's office.

It therefore appears that the statute, whether unconstitutional or not, does not apply to the defendants' lien, which, therefore, comes within the general rule that, when the mortgagor in a chattel mortgage makes default in the payment of the sum due as required by the mortgage, the mortgagee becomes the absolute owner of the chattels and entitled to the immediate possession thereof, having the right to take them from any one who holds the chattels by any title subordinate to his mortgage. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.