CAROLAN v. O'DONNELL et al.

(Supreme Court, Appellate Division, First Department.   December 30, 1910.)

1. ABATEMENT AND REVIVAL (§ 71*)—DEATH OF PARTY—EFFECT.

A stay of proceedings in an ordinary action on the death of a party thereto, though not in terms prescribed by the Code, follows on the inhibition in Code Civ. Proc. § 765, providing that judgment may not be rendered against a party who dies before verdict, report, or decision, and ordinarily an action cannot proceed to judgment unless substitution is made.

[Ed. Note.—For other cases, see Abatement and Revival, Dec. Dig. § 71.*]

2. ABATEMENT AND REVIVAL (§ 71*)—DEATH OF PARTY—RIGHT OF SURVIVING PARTY TO CONTINUE ACTION.

The right of a party to the continuance of an action by or against the representative of the deceased adverse party does not depend on Code Civ. Proc. §§ 756–764, specifying instances in which cases may be revived, but depends on section 755, declaring that an action does not abate by any event if the cause of action survives.

[Ed. Note.—For other cases, see Abatement and Revival, Dec. Dig. § 71.*]

3. WILLS (§ 267*)—ACTION TO CONTEST VALIDITY—STATUTES.

An action under Code Civ. Proc. § 2653a, authorizing actions to determine the validity of wills, to establish the validity of a will, is a statutory action and in rem, and all parties interested either for or against the will must be made parties, and, after a plaintiff has instituted the action, his interest in and control of the controversy is no greater than that of any other holding the same attitude toward the will.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 267.*]

4. WILLS (§ 226*)—DEATH OF PARTY.

An action under Code Civ. Proc. § 2653a, to establish the validity of a will does not abate by the death of one of the parties.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 548; Dec. Dig. § 226.*]

5. WILLS (§ 226*)—DEATH OF PARTIES—EFFECT.

The death of one pending his action individually as a legatee and in his representative capacity as executor to establish the validity of a will terminates his interest as executor, but, without the presence of his representative, a judgment determining the question of the validity of the will is binding as to all the parties, but is not conclusive on the question of the validity of the legacy, and, where the validity of the will is upheld, the absence of a representative is immaterial, and, where the will is adjudged invalid, the legacy remains unaffected.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 548; Dec. Dig. § 226.*]

6. ABATEMENT AND REVIVAL (§ 65*)—DEATH OF PARTY—EFFECT.

Where a nonresident dies pending his action individually as a legatee and in his representative capacity as executor to establish the validity of a will, and no representative of his estate has been appointed in New York, the court will permit the action to proceed between the contesting defendants who are practically, though not nominally, aligned as plaintiffs and defendants as they respectively seek to sustain or destroy the will, notwithstanding Code Civ. Proc. § 757, authorizing only the substitution of a representative of a sole plaintiff or defendant dying before judgment, since under section 755, providing that an action does not abate by any event if the cause of action survives, the action survives, and a judgment upholding the will is good in the absence of a representative of the de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceased party, and a judgment invalidating the will is binding on the next of kin, who may take the estate subject to the satisfaction of the legacy.

[Ed. Note.—For other cases, see Abatement and Revival, Dec. Dig. § 65.*]

Appeal from Special Term, New York County.

Action by Patrick M. Carolan, individually and as executor of Neal O'Donnell, against Anthony O'Donnell and others. From an order denying a motion for an order reviving and continuing the action on the death of plaintiff, certain defendants appeal. Reversed, and motion granted in part.

See, also, 128 App. Div. 924, 112 N. Y. Supp. 1124.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Gilbert D. Lamb, for appellants.
William F. Clare, for respondents.

SCOTT, J. This is an appeal from order denying a motion by the defendants Rebecca O'Donnell and others that the action be revived and continued either in the names of the surviving executors of Neal O'Donnell, deceased, as plaintiffs or in the name of said Rebecca O'Donnell as plaintiff. The action was brought under section 2653a of the Code of Civil Procedure to establish the validity of a paper alleged to be the last will and testament of Neal O'Donnell, deceased.

The action was commenced by Patrick M. Carolan "individually and as executor of Neal O'Donnell, deceased," his interest as an individual arising from a legacy of two shares of stock of the N. & H. O'Donnell Cooperage Company. The defendants are the two executors of Neal O'Donnell, deceased, his next of kin and the legatees named in his will. The action was once tried, and resulted in a judgment upholding the validity of the will. This judgment was reversed and a new trial granted.

, Before the new trial could be had, Patrick M. Carolan, the plaintiff, who was a resident of Pennsylvania, died, leaving so far as is known no property in this state, and no personal representatives here. It is objected by the surviving executors that section 757, Code of Civil Procedure, authorizes only the substitution of a "representative or successor in interest" of a sole plaintiff or defendant who dies before judgment, and that neither they nor any other defendant can be said to be, in a legal sense, the representative or successor in interest of Carolan, and they further object that there is no authority for taking a party who is already a defendant and transposing him into the place of a plaintiff. The whole subject of reviving or continuing an action after the death of a party is now regulated by title 4, c. 3, Code Civ. Proc., comprising sections 755 to 766, inclusive. The two controlling sections of this title are 755, which provides that "an action does not abate by any event, if the cause of action survives or continues," and section 765, which provides:

"This title does not authorize the entry of a judgment against a party who dies before a verdict, report or decision is actually rendered against him."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The stay of further proceedings in an action after the death of a party is not, in terms, prescribed by the Code, but follows, in ordinary actions, upon the inhibition contained in section 765, for, if a judgment cannot be entered against a deceased party, no step leading up to a judgment can be taken. The sections between sections 755 and 765 provide how an action may be revived after the death of a party in certain cases, but do not cover every possible case, or serve to limit the power of the court in cases not provided for. "But we do not think that the right of a party to the continuance of an action, by or against the representatives of a deceased party, where the cause of action survives, depends upon the existence of the precise circumstances stated in section 757 of the following sections. The paramount rule is declared in section 755 that an action does not abate by any event if the cause of action survives or continues. The subsequent sections seem to have been enacted to provide for special cases, and not to limit to those cases only the power of the court to continue an action." Lyon v. Park, 111 N. Y. 350, 18 N. E. 863. It is undoubtedly true that ordinarily an action cannot proceed to judgment after the death of a sole plaintiff or defendant unless substitution is made, but the present action is peculiar in its character. It is solely the creation of statute, and is in its nature an action in rem. The issue is confined to the question of whether the writing produced is or is not the last will and codicil of the testator or either. The action may be brought by any one interested either to uphold or to defeat the will. All persons interested either for or against the will must be made parties. The alignment of the parties is prescribed, not as one or another may nominally be plaintiff or defendant, but as one or another seeks to uphold or defeat the will. Those sustaining the will, whether plaintiffs or defendants, are by statute put in the place of plaintiffs in that they are given the right to open and close. In such an action, therefore, a plaintiff has fulfilled his entire functions as nominal plaintiff when he has brought the parties into court. After that, his interest in and control of the controversy is no greater than that of any other party holding the same attitude toward the validity of the will that he holds. In this regard an action like the present much resembles a proceeding before the surrogate for the probate of a will, as to which the Court of Appeals has said:

"After the petition was filed with the surrogate and the proper parties had been cited and were before him, he had jurisdiction of the subject-matter and of the parties. It was a proceeding in rem to prove the will. All the parties could become actors therein. Any of them could contest and produce witnesses in opposition to the probate, and any of them could offer witnesses in opposition thereto. * * * So long as any person cited is before the surrogate in support of the will, he has no right, upon the motion of any other party, arbitrarily to arrest or dismiss the proceeding. After the proceeding is once instituted and the parties cited are before the surrogate, it is not solely the proceeding of the proponent. It is a proceeding in behalf of all the parties intended to prove the will. If the proponent should die, the proceeding would not abate. If he left successors to his interest, they would have to be brought in, and would be made parties to the proceeding as persons interested in the estate. If the proponent should refuse to introduce any evidence in support of the will, any other party could produce and examine the witnesses." Matter of Lasak, 131 N. Y. 624, 30 N. E. 112.

When we consider the nature of this action, and its close analogy :so far as the issues are concerned, to a proceeding for probate, it is quite clear that it is not such an action as abates by reason of the death of one of the parties. It is also desirable that the present action should continue because the short statute of limitation prescribed by section 2653a seems to have run so as to prevent the institution of another action under that statute. The only question presenting any difficulty is as to the substitution of a nominal plaintiff in place of Carolan. As has been said, he was a nonresident, and no representative of his estate has been appointed in this state. Whether or not such a representative has been appointed in Pennsylvania does not appear, but that fact is immaterial because this court could not bring in a foreign representative against his will. Lyon v. Park, supra. So far as Carolan's interest in the subject-matter of the action resulted from the fact that he was named as executor in the will, that interest died with him. He was also interested, however, as legatee of the two shares of stock above referred to, and without his presence or the presence of his representatives no judgment can be entered which will be conclusive as to the validity of that legacy. As to all the other parties to the action, however, a complete and binding judgment can be rendered, which would be effectual as to them notwithstanding it might not bind Carolan's estate. This precise question arose respecting an action to establish the will of Antoine Ruppaner, deceased, in which one of his next of kin had been omitted as a party. The action went to judgment nevertheless, and a question afterwards arose as to the validity of the judgment. It was held that the judgment was valid and effectual as to those who were parties to it, and that the only effect of the omission was that the judgment was not binding upon the party who was omitted. Keys v. Ellensohn, 82 Hun, 13, 30 N. Y. Supp. 1035; Matter of Ruppaner, 9 App. Div. 422, 41 N. Y. Supp. 212. It is therefore not an insuperable objection to the continuance of the action that Carolan is dead, and that his representatives cannot be substituted in his place. If the will be upheld, his absence will not matter. If the judgment be that the will is invalid, the legacy to Carolan will remain unaffected, and the next of kin must take the estate subject to the satisfaction of the legacy. But, as it is the next of kin who seeks the continuance of the action, they will not object to this result. Ordinarily an action without at least a nominal plaintiff would be anomalous, but this is an unusual form of action, in which, as already pointed out, the plaintiff after he has brought the parties into court becomes simply one of the contesting parties, and has no more control of the action than any other party. Our conclusion is that no substitution of a nominal plaintiff in place of Patrick M. Carolan, deceased, is necessary, but that the action may proceed (using the present title as a matter of convenient identification) between the contesting defendants who are practically, although not nominally, aligned as plaintiffs and defendants as they respectively seek to sustain or to destroy the alleged will.

The order appealed from which denied defendants' motion in all respects is therefore reversed, and the motion granted to the extent indicated above. All concur.