■ ROBERT SARGOY et al., Respondents, v JOHN WAMBOLDT, Appellant.—In an action, *inter alia,* to recover damages for fraud and breach of fiduciary duty, the defendant appeals from an order of the Supreme Court, Queens County (DiTucci, J.), dated May 18, 1989, which denied his motion for summary judgment dismissing the complaint.

Ordered that order is reversed to the extent that it denies that branch of the motion which was for summary judgment dismissing the complaint insofar as it is asserted by the plaintiff Rita Sargoy, that branch of the motion is granted, the

action is severed as to that plaintiff, and the complaint is dismissed insofar as asserted by her; and it is further,

Ordered that the appeal is held in abeyance to the extent that it seeks review of the portions of the order denying summary judgment dismissing the complaint insofar as it is asserted by the plaintiff Robert Sargoy; and it is further,

Ordered that within 30 days after the date of this decision and order, the defendant is directed to move by order to show cause pursuant to CPLR 1021 in the Supreme Court, Queens County, upon such notice to all persons interested in the estate of the plaintiff Robert Sargoy, deceased, as that court may direct, to dismiss the action insofar as maintained by Robert Sargoy for failure to make timely substitution of his personal representative as a party; and it is further,

Ordered that the defendant is awarded costs payable by the plaintiff Rita Sargoy.

At the outset we note that shortly after this appeal was argued on April 1, 1991, counsel for the defendant informed the court that the plaintiff Robert Sargoy had died during the pendency of the appeal. As a result, proceedings in this court were stayed as to him pursuant to CPLR 5016 (d) *(see, Bronheim v Kelleher,* 258 App Div 972; *cf., Carolan v O'Donnell,* 141 App Div 463). Counsel were notified to obtain substitution of the personal representative of Robert Sargoy in his stead *(see,* CPLR 5015 [a]). Although more than one year has passed since the date of oral argument, substitution has not been made. Accordingly we direct the defendant's counsel to move in the court of original instance upon such notice to the persons interested in the estate of Robert Sargoy as that court may direct, to dismiss the action insofar as maintained by him for failure to make timely substitution (CPLR 1021). We have, however, determined the issues with respect to the surviving plaintiff *(see,* 2 Carmody-Wait 2d, Abatement and Survival of Actions § 11:14).

The plaintiffs Robert and Rita Sargoy alleged that the defendant John Wamboldt induced them to invest in an automotive leasing venture involving nine automobiles in order to obtain a tax shelter purportedly approved by the IRS. When their tax returns were audited, however, the plaintiffs allegedly discovered that they had not acquired title to any of the automobiles, and that, in fact, the defendant and/or his accomplices had sold the titles to the same nine vehicles to numerous persons. The plaintiffs thereafter commenced an action against the defendant and his alleged business partner

to recover $42,000, representing the amount they had expected to realize in tax savings based upon the defendants' representations.

The plaintiffs' first action was dismissed by the court in response to the defendants' motion for summary judgment; but the court invited the plaintiffs to replead, using in their next complaint the narrative of events set forth in their affidavit in opposition.

In the plaintiffs' second action only Wamboldt was named as a defendant. The defendant's motion for summary judgment dismissing the complaint was opposed by an attorney's affirmation and by the plaintiffs' original affidavit, on which the second complaint was based in part. The court found that summary judgment could not be granted because there were triable issues of fact, the evidence of which was in the exclusive possession of the defendant. The defendant appeals.

We conclude that that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as it is asserted by the plaintiff Rita Sargoy should have been granted. The causes of action asserted by that plaintiff require dismissal both because they fail to state a cause of action as a matter of law, and because they are unsupported by the facts in the record.

The first cause of action alleges that the defendant is liable for breach of contract in that he failed to purchase the nine leased vehicles in the course of his employment with two corporations and two individuals, none of the latter of whom is named as a defendant. There is no legal theory of vicarious liability for breach of contract by a noncontracting employee, or even by a contracting party, if he was clearly acting only as an agent of a disclosed principal. Indeed, "[i]t is well settled that when an agent acts on behalf of a disclosed principal on a contract, the agent will not be personally bound unless there is clear and explicit evidence of the agent's intention to be so bound * * * This is so even if the agent, in the course of his agency, induces the principal to breach the contract" *(Spain v Howard Holmes, Inc.,* 108 AD2d 741, 742-743). In consequence, the plaintiffs' first cause of action must be dismissed insofar as it is asserted by Rita Sargoy for failure to state a cause of action, as must the second cause of action asserted on her behalf, which alleges that Wamboldt simultaneously breached a fiduciary duty, *inter alia,* to her by failing to purchase the nine vehicles.

The third cause of action should also be dismissed insofar as

it is asserted by Rita Sargoy. It charges Wamboldt with fraud in that through unnamed "partners, agents, servants and/or employees" he at "various times in 1982 and thereafter" falsely alleged that "the titles to the vehicles were obtained". In addition to being impermissibly vague under CPLR 3013, many of the alleged assurances were apparently given to the plaintiff Rita Sargoy *after* she had invested money, so that there was no fraudulent inducement. Moreover, a cause of action sounding in fraud may not be sustained where the pleading alleges that the party to be charged did not intend to perform the contract at the time that it was executed *(Manshul Constr. Corp. v City of New York,* 143 AD2d 333, 336). Courts have reasoned that where the alleged fraud relates directly to a plaintiff's cause of action for breach of contract, the claimed misrepresentation "cannot be the predicate for a separate cause of action for fraud" *(Brumbach v Rensselaer Polytechnic Inst.,* 126 AD2d 841, 843).

In any event, all of the factual claims asserted in the complaint on behalf of Rita Sargoy are contradicted by the only documentary evidence in the record, which demonstrates that Robert Sargoy contracted with CJH Leasing Associates, Inc., on or about January 4, 1982, to purchase the nine leased vehicles. Thus, any breach of contract or of a fiduciary duty must have been committed by CJH Leasing Associates, Inc., and it is undisputed that the defendant had no affiliation with that entity. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.