JAMIE L. SIRLES et al., Appellants, v GARY A. HARVEY et al., Doing Business as GUILLAUME REAL ESTATE, Respondents. (Appeal No. 1.) [682 NYS2d 747] —Judgment unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Plaintiffs, the disappointed buyers in a failed real estate transaction, commenced this action against defendants, Gary A. Harvey (seller) and Marian Guillaume, d/b/a Guillaume Real Estate (realtor). The complaint alleges fraud and breach of

contract against each defendant, unjust enrichment against the seller alone, and negligence against the seller alone, but on a theory of respondeat superior for the realtor's alleged negligent conduct. Plaintiffs appeal from a judgment granting defendants' motions for summary judgment dismissing the complaint in its entirety and denying plaintiffs' cross motion for partial summary judgment on liability.

The seller's motion for summary judgment was properly granted with respect to the negligence cause of action, by which plaintiffs sought to hold the seller liable for the realtor's failure to investigate the seller's title. The realtor had a duty not to conceal or misrepresent known facts, but no duty to investigate unknown facts and report them to plaintiffs (*cf., Rudolph v Turecek*, 240 AD2d 935, 938, *lv denied* 90 NY2d 811; *Hauser v Lista*, 201 AD2d 873, 874). Supreme Court erred, however, in granting the seller's motion with respect to the causes of action for breach of contract, fraud and unjust enrichment. The seller failed to sustain his burden of demonstrating his entitlement to judgment as a matter of law on those causes of action.

The court properly granted that part of the motion of the realtor for summary judgment dismissing the breach of contract cause of action. An agent dealing on behalf of a disclosed principal is not liable for her principal's breach of contract absent evidence that the agent intended to be bound personally on the contract (*see, Sargoy v Wamboldt*, 183 AD2d 763, 765; *Memorial Hosp. v Baumann*, 100 AD2d 701). The court erred, however, in granting the realtor's motion for summary judgment dismissing the fraud cause of action. The realtor failed to sustain her burden of demonstrating her entitlement to judgment as a matter of law on that cause of action.

Plaintiffs' motion for partial summary judgment was properly denied with respect to the fraud causes of action against the seller and realtor, and with respect to the unjust enrichment cause of action against the seller. There are questions of fact requiring a trial on those causes of action. The court erred, however, in denying plaintiffs' motion for partial summary judgment on liability on the cause of action against the seller for breach of contract. Plaintiffs demonstrated their entitlement to judgment as a matter of law on that cause of action against the seller. The seller agreed to convey "good and marketable title" to the subject property, but proved unable to do so because of the lis pendens filed against the property and also because the seller failed to obtain approval for the subdivision of the property. With respect to the breach of contract cause of action, there is a triable question of fact whether the

consequential and incidental damages claimed by plaintiffs were proximately caused by the breach and were fairly within the contemplation of the parties when they entered into the contract (*cf., Nitti v Goodfellow*, 256 AD2d 1082 [decided herewith]). There is likewise a triable question of fact whether plaintiffs sustained loss of bargain damages measured by the difference between the fair value of the land (assuming marketable title) and what plaintiffs agreed to pay for it (*see generally*, 91 NY Jur 2d, Real Property Sales and Exchanges, §§ 184-185). Recovery of such damages requires a showing of the seller's bad faith or fraud (*see, Walton v Meeks*, 120 NY 79, 82-83; *see generally*, 91 NY Jur 2d, Real Property Sales and Exchanges, §§ 184-185), concerning which there are triable questions of fact.

We modify the judgment, therefore, by denying that part of the seller's motion for summary judgment on the causes of action for breach of contract, fraud, and unjust enrichment, by denying that part of the realtor's motion for summary judgment on the cause of action for fraud and by granting that part of plaintiffs' cross motion for partial summary judgment on the cause of action against the seller for breach of contract. We otherwise affirm. (Appeal from Judgment of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present— Denman, P. J., Pine, Pigott, Jr., Balio and Fallon, JJ.