Schum v Spatorico (2020 NY Slip Op 01816)





Schum v Spatorico


2020 NY Slip Op 01816


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1212 CA 19-00749

[*1]DANIEL G. SCHUM, DOING BUSINESS AS KENNEDY AND SCHUM, PLAINTIFF-RESPONDENT,
v
DERRICK A. SPATORICO AND PHETERSON SPATORICO LLP, DEFENDANTS-APPELLANTS. 






PHETERSON SPATORICO LLP, ROCHESTER (STEVEN A. LUCIA OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LAW OFFICES OF PETER K. SKIVINGTON, PLLC, GENESEO (PETER K. SKIVINGTON OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (John B. Nesbitt, A.J.), entered October 11, 2018. The order, among other things, denied defendants' motion for summary judgment dismissing plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendants' motion in part and dismissing the third cause of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiff is an attorney who at one time represented nonparty Homestead NY Properties, Inc. (Homestead) in a real estate transaction involving three pieces of property (subject properties). The subject properties, as well as numerous other properties owned by Homestead, were encumbered by mortgages held by defendants' client as well as a lien held by a third party. Derrick A. Spatorico (defendant) is also an attorney, and he and his law firm, defendant Pheterson Spatorico LLP, represented the mortgagee. A different attorney represented Homestead with respect to the lien, and yet another attorney represented the lienholder.
When Homestead sought to sell the subject properties, the four attorneys entered into a series of negotiations, culminating in an agreement regarding the discharge of the mortgage and the release of the lien related to the subject properties. At the closing for the subject properties, plaintiff executed a guaranty providing that the lien on the subject properties would be released. Plaintiff thereafter forwarded to defendant two checks, one made out to defendant representing the money due to the mortgagee and one made out to the lienholder's law firm in the amount of $1,500, i.e., the amount due to the lienholder for the release of the lien. In the letter accompanying those checks, plaintiff wrote that he was enclosing them "in accordance with [defendant's] advice," and asked that defendant forward to him the "completed discharge of mortgage" as well as "[t]he originals of the . . . release of judgment releasing the [subject properties] from the lien."
Defendant forwarded the relevant amount of money to the mortgagee and "caused the discharge [of mortgage] to be filed." With respect to the check to be forwarded to the lienholder, defendant let that check "s[i]t on [his] desk" because he believed a different agreement with respect to the lien release would ultimately be negotiated. Several weeks later, defendant, the attorney representing Homestead with respect to the lien and the attorney representing the lienholder reached a separate agreement related to the lien and all properties "owned by Homestead." Defendant then approached plaintiff's law partner and had that partner renegotiate the lien release check to make it payable to defendant's law firm. Defendant later remitted those funds to his client, the mortgagee.
It is undisputed that no lien release was ever recorded for the subject properties, and we previously affirmed an order concluding that the subsequent agreement did not serve to release the lien on those properties (Maximum Income Partners, Inc. v Webber [appeal No. 1], 158 AD3d 1090 [4th Dept 2018], affg 58 Misc 3d 1218[A], 2016 NY Slip Op 51903[U] [Sup Ct, Monroe County 2016]). Plaintiff, facing liability under the terms of his guaranty, commenced this action asserting causes of action for breach of contract, promissory estoppel and conversion. Defendants now appeal from an order that, inter alia, denied their motion for summary judgment dismissing the complaint.
We agree with defendants that Supreme Court erred in denying the motion to the extent that defendants sought dismissal of the third cause of action for conversion inasmuch as that cause of action is time-barred (see CPLR 214 [3]; Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 44 [1995]; Barrett v Huff, 6 AD3d 1164, 1166 [4th Dept 2004]). We therefore modify the order accordingly.
We further conclude, however, that the court properly denied the motion insofar as it sought dismissal of the breach of contract and promissory estoppel causes of action. Defendants failed to establish their entitlement to judgment as a matter of law with respect to those two causes of action (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]) because their own submissions raise triable issues of fact whether there was an implied-in-fact contract between plaintiff and defendant requiring defendant to obtain the release for the properties (see generally Maas v Cornell Univ., 94 NY2d 87, 93-94 [1999]) and whether subsequent events modified defendant's obligations under that contract. Defendants' submissions also raise triable issues of fact whether the damages alleged by plaintiff were proximately caused by defendant's purported breach of the implied-in-fact contract (see Sirles v Harvey, 256 AD2d 1227, 1228-1229 [4th Dept 1998]; see generally Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc., 111 AD3d 1374, 1376 [4th Dept 2013], lv denied 22 NY3d 864 [2014]). Specifically, in support of their motion, defendants submitted an affidavit from the attorney for the lienholder who averred that no release was given, in part, because the $1,500 fee was never received by the lienholder.
We reject defendants' contention that the breach of contract cause of action cannot be maintained due to the fact that plaintiff had not suffered any monetary damages at the time that he commenced this action. "A breach of contract accrues at the time of the breach even if no damage occurs until later" (Bratge v Simons, 167 AD3d 1458, 1459-1460 [4th Dept 2018] [internal quotation marks omitted]; see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]). As plaintiff anticipated, he faces liability under the guaranty for any damages sustained by the subsequent owners of the property as a result of the lien that remained on the property.
Defendants further contend that the breach of contract cause of action cannot be maintained inasmuch as any contract would be barred by the statute of frauds (see General Obligations Law § 5-1103). We reject that contention. Section 5-1103 provides that an agreement to discharge an obligation in real property must be in writing. Here, however, the actual agreement to release the lien for a certain amount of money is not at issue. Rather, the agreement at issue on this appeal is the alleged agreement between plaintiff and defendant concerning who was responsible for obtaining that written release.
We agree with defendants that, should plaintiff succeed on the breach of contract cause of action, he cannot recover under the quasi contract theory of promissory estoppel (see generally Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]). We nevertheless conclude that, at this juncture, defendants failed to establish as a matter of law that defendant did not clearly or unambiguously promise to obtain the release or that plaintiff's reliance on such a promise was not reasonable or justifiable (see generally Zuley v Elizabeth Wende Breast Care, LLC, 126 AD3d 1460, 1461 [4th Dept 2015], amended on rearg 129 AD3d 1558 [4th Dept 2015]). Indeed, the issue whether one party's reliance on another party's representations or promises is reasonable or justifiable is "generally one of fact" to be determined by the factfinder at trial (Braddock v Braddock, 60 AD3d 84, 88 [1st Dept 2009]; see Fleet Bank v Pine Knoll Corp., 290 AD2d 792, 797 [3d Dept 2002]).
We have reviewed defendants' remaining contention and conclude that it lacks merit.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court